UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JOSEPH R. MAY, and GRETA L. MAY,<br><br>Plaintiffs/Counter-Defendants,<br><br>v.<br><br>SOUTHEAST BANK,<br><br>Defendant/Counter-Plaintiff. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:25-CV-300-KAC-JEM |

**O R D E R**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion to Require Defendant to Identify and Demonstrate the Real Party in Interest Pursuant to Rule 17(a) [Doc. 63]. Defendant responded in opposition to the motion [Doc. 68]. Plaintiffs did not reply. The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons stated below, the Court **DENIES** the motion [**Doc. 63**].

## I. BACKGROUND

Plaintiffs commenced this action against Defendant on June 27, 2025, claiming that it "mishandl[ed] . . . a construction loan project at Plaintiffs' residence . . . and . . . wrongful[ly] attempt[ed] to enforce a deed of trust and promissory note under terms that [it] breached" [Doc. 1 ¶ 2]. They allege breach of contract, fraud, negligent disbursement, and violations of the Federal Truth in Lending Act and Real Estate Settlement Procedures Act relating to those documents and the underlying loan [*See id.* at 5–6]. Defendant filed a Counterclaim for breach of contract on the promissory note [Doc. 8].

Plaintiffs seek an order pursuant to Rule 17(a) "to require Defendant . . . to identify and demonstrate that it is the real party in interest with respect to the loan and foreclosure at issue" [*Id.* at 1]. Plaintiffs claim to "have obtained evidence indicating that the loan, or its associated payment stream, may have been transferred, assigned, or securitized following organization" [*Id.* at 2]. They submit their expert "has identified indicators consistent with such transfer, including involvement of private trust structures and treatment of the loan as a financial instrument" [*Id.*]. They outline the discovery that Defendant has allegedly not produced and state Defendant's witness was not able to "identify a required construction contract within the loan file" [*Id.*; *see also id.* at 3–4]. Plaintiffs assert that Defendant foreclosed on the property without authority [*id.* at 4] and claim that "Defendant's recently filed disclosure pursuant to Federal Rule of Civil Procedure 7.1 identifies only its corporate parent and does not address ownership of the loan, any assignment, or any entity holding rights to enforce the debt" [*Id.* at 5]. According to Plaintiff, "Where the evidentiary record developed through discovery raises a legitimate question as to ownership or authority, Rule 17(a) requires the party asserting rights to demonstrate that it is the proper party" [*Id.* at 5]. "If Defendant cannot demonstrate that it is the real party in interest," Plaintiffs submit, "it cannot establish its right to enforce the loan or maintain its claims or defenses in this action" [*Id.* at 6]. Specifically, Plaintiffs ask the Court to compel Defendant to (1) "[i]dentify the real party in interest with respect to the loan;" (2) "[p]roduce documentation establishing ownership and authority to enforce the loan;" (3) "state whether it is acting in its own capacity or as servicer, agent, or representative of another entity, and to identify such entity if applicable;" (4) "disclos[]e . . . any trust, assignee, or entity holding any interest in the alone; (5) "[g]rant such other relief as the Court deems just and proper" [*Id.* at 6–7].

Defendant responds that Plaintiffs misapply Rule 17(a) [Doc. 68 p. 1]. It asserts that "throughout the entirety of this litigation, [it] has identified itself as the real party in interest with respect to the loan and foreclosure at issue" [*Id.* at 2]. It denies that it transferred, assigned, or securitized the loan [*Id.*]. Although Plaintiffs claim that their expert found indicators consistent with a transfer, Defendant submits it "has at all times maintained the loan file in its physical custody or control (including original loan documents) and has at all times been the owner and holder of the loan at issue" [*Id.*]. Further, Defendant contends that "it has established ownership of the loan and possessed the authority to enforce the loan at the time of foreclosure" [*Id.*]. Plaintiffs assert that Defendant cannot identify the construction contract, but Defendant states that it was not a party to the construction contract [*Id.* at 3]. Defendant argues, "Plaintiffs improperly use their Rule 17(a) Motion to declare their dissatisfaction with the information they obtained at the Rule 30(b)(6) deposition" [*Id.*]. According to Defendant, "[T]he most fundamental flaw in Plaintiffs' [m]otion is that, if the [Defendant] is not the real party-in-interest, then their claims against . . . [it] must fail" [*Id.* at 4]. Defendant requests that Plaintiffs' motion be denied and that summary judgment be granted [*Id.*].[1]

## II. ANALYSIS

Rule 17(a) states, "An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). Plaintiffs ask for an order pursuant to Rule 17 requiring "Defendant . . . to identify and demonstrate that it is the real party in interest with respect to the loan and foreclosure at issue" [Doc. 63 p. 1]. In response, Defendant states it "has maintained (through discovery and through affidavits) that it has not 'transferred, assigned, or securitized' Plaintiffs' loan" [Doc. 68

---

[1] Defendant's Motion for Summary [Doc. 33] is pending before United States District Judge Katherine A. Crytzer. That motion has not been referred to the undersigned.

p. 2 (citing Doc. 33-3 & Doc. 65-1 ¶ 6)]. Citing to Exhibits D and K, the Construction Deed of Trust and the Successor Trustee's Deed, respectively, to its Answer to Complaint and Counterclaim, Defendant submits it "has established ownership of the loan and possessed the authority to enforce the loan at the time of foreclosure" [*Id.*]. Plaintiffs did not file a reply addressing Defendant's evidence.

Moreover, to the extent Plaintiffs seek an order compelling Defendant to produce documents, that motion is not proper under Rule 17(a). Indeed, Rule 37 governs discovery disputes, and Plaintiffs have not complied with that rule, *see* Fed. R. Civ. P. 37(a) (requiring a good faith meet and confer certification), nor did they comply with the discovery dispute procedure set forth in the Scheduling Order [Doc. 27 p. 2 (parties shall contact the Magistrate Judge prior to filing motions to compel)].

## III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiffs' Motion to Require Defendant to Identify and Demonstrate the Real Party in Interest Pursuant to Rule 17(a) [**Doc. 63**].

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook

Jill E. McCook
United States Magistrate Judge